STATE OF VERMONT

ENVIRONMENTAL COURT

Appeal of Joseph Wright and Priscilla Wright   }     Docket No. 062-4-04 Vtec

<u>Decision and Order</u>

Appellants Joseph and Priscilla Wright appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Newfane, upholding the Zoning Administrator's denial of their application to erect a garage to house and service the vehicles and equipment used in their maintenance, excavation and logging business. Appellants are represented by Stephen R. Phillips, Esq.; the Town is represented by Samuel H. Angell, Esq.; interested persons David and Barbara Kearney are represented by Craig T. Miskovich, Esq.; interested persons Merle O. Tessier and Marilyn J. Tessier are represented by Frank H. Langrock, Esq., but at their request represented themselves at trial and in the post-trial filings. As noted on the record, Appellants are not related in any way to Judge Merideth Wright.

An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, who took a site visit at the conclusion of the hearing alone by agreement of the parties. The parties were given the opportunity to submit written memoranda and requests for findings. Upon consideration of the evidence as illustrated by the site visit, and of the written memoranda and requests for findings filed by the parties, the Court finds and concludes as follows.

Appellants own a 3.58-acre parcel of property on the west side of Vermont Route 30. They acquired the property in 1995 when the 1989 version of the Zoning Byaws was in effect. The property is bordered on the north and west by Grimes Hill Road and on the east by Route 30. The neighborhood is largely residential, with some home-based businesses.

At the time of Appellants' purchase the property had direct access by a single driveway from Route 30. Appellants' residence is located in the southerly area of the property. Appellants operate a maintenance, excavation and logging business from the property.

1

Appellants did not apply for or receive a zoning permit for operation of the business as a home occupation or home industry operated from the residential property. However, in April of 1996 they obtained approval of Zoning Permit No. 96-08 from the Board of Selectmen[1] for an oval sign to be located adjacent to the driveway, stating "Wright Maintenance, Logging, Dozer and Backhoe Work." The Zoning Administrator did not advise Appellants that a zoning permit was required for the home-based business, either when the sign application was referred to the Board of Selectmen or at any other time.

In 1997 Appellants obtained municipal approval of a second driveway (residential access) onto their property from Grimes Hill Road. They also obtained a state Act 250 permit for the construction of an addition to their residence for a residential garage and a hair salon. Appellant Priscilla Wright operates the hair salon as a home-based business. No zoning permit appears in the Town's records or in Appellants' records for the construction of the garage/salon addition, nor for operation of the hair salon as a home occupation or home industry.

Appellant Joseph Wright operates the excavation, maintenance and logging business from the residence. The work is performed off site at his customers' properties. Appellants own three two-axle vehicles and two one-axle trailers in connection with their residential use of the property. The business owns ten trucks or other pieces of equipment each having two axles, plus three tracked vehicles (two excavators and a dozer) that are transported on trailers and do not run on the road. The business also owns two two-axle trailers which must be pulled by other vehicles, so that the combined vehicle would have more than two axles. In addition, the business owns a log truck and a dump truck each of which has more than two axles. The business equipment and vehicles are generally

---

[1] Signs are regulated under §4290 of the current Zoning Bylaws, which does not provide for Board of Selectmen approval. Nevertheless, the Board's 1996 action was entitled a "zoning hearing" to consider four "zoning applications," including Appellants' sign application. No explanation was provided by any party as to why this application was referred to or heard as a matter of course by the Board of Selectmen.

moved from work site to work site in the construction season, but are stored outside on the northerly portion of Appellants' residential property in the off season or between jobs.

The northerly portion of Appellants' property is partially wooded. Some, but not all of it is effectively screened from Grimes Hill Road and from Route 30, depending on where on the property the equipment or vehicles are located. At least in the summer of 2004, continuing through December of 2004, Appellant Joseph Wright unloaded logs onto an area of the property visible from Grimes Hill Road and stored them in that outdoor location.

In early 2004 Appellant Joseph Wright applied for the zoning permit at issue in this appeal. He seeks a zoning permit to construct a separate garage building to park his business equipment under cover. The building was proposed to be 76' x 36' (2736 square feet) in footprint and 24 feet in height, and to be located in a wooded area of the northerly portion of the property, so as to be largely screened from Route 30 and from the east-west segment of Grimes Hill Road. No design for the building was proposed at that time, although at trial it was described as a one-story building with a metal roof.

The Zoning Administrator interpreted Appellant's proposed use of the property as a commercial use, despite the fact that Appellant had been operating the same use on the property as a home-based business (home industry or home occupation) since 1995. The Zoning Administrator rejected the application on the basis that there was insufficient acreage on the property to operate both a commercial use and a residence on the same property, interpreting Bylaws §4412 together with Bylaws §5210 to require two acres for each building. In addition, the Zoning Administrator noted that site plan approval of the proposal from the Planning Commission would also be required, before a zoning permit could be issued. The ZBA upheld the Zoning Administrator's ruling; Appellants brought this appeal. Appellants did not apply to the Planning Commission for approval of the site plan. Appellants did apply to the ZBA for a variance from the four-acre lot size requirement, but withdrew or abandoned their appeal of that issue at trial in this Court.

Under the Bylaws as last amended in June of 2003[2], all land development, except

_____

[2] If the 1989 Zoning Bylaws did not contain these provisions, then in 2003 any then-

3

for the very small, unoccupied structures exempted by Bylaws §4233, must receive a zoning permit from the Zoning Administrator. Bylaws §2200. The Zoning Administrator, in turn, must determine that the application has received any required approvals from the ZBA and the Planning Commission, before issuing a permit. (It is also the Zoning Administrator who approves subdivisions. Bylaws §5650.)

Unusually, the Bylaws do not provide for conditional uses for which the ZBA issues conditional use approval. Rather, the function of the ZBA is limited to appeals and variances as provided by the state zoning enabling act (as it existed in June of 2003). Bylaws §2340. Instead, site plan approval from the Planning Commission is required for all "commercial developments" and for "all development other than for a one or two unit dwelling or appurtenant buildings and/or structures thereto." Further, it is the Planning Commission that approves changes to or resumptions of non-conforming uses, Bylaws §§7120 and 7130, and approves noise expected to be generated off-site by any home industries and commercial development. Bylaws §8900.

The Bylaws provide, in §5250, that a lot containing multiple dwellings be capable of being subdivided so that any resulting lot would be able to be subdivided as a separate conforming lot (except for cluster housing allowed under Bylaws §5240). There is no similar requirement for multiple non-dwelling uses per lot, and no prohibition against multiple buildings per lot. However, Bylaws §4412 read together with Bylaws §5210 requires two acres for each dwelling unit; a commercial use is counted as a unit for the purpose of calculating density.

The Bylaws contain the statutory protection of home occupations in Bylaws §4110, which protects the right of any resident to use a "minor portion" of the resident's dwelling for an "occupation which is customary in residential areas and which does not change the character thereof." The Bylaws also provide for approval of a wider category of home industries, as well as home occupations, as accessory uses under Bylaws §4231. To be

existing use not conforming with the 2003 Zoning Bylaws became nonconforming, so that any new application would have had to have been analyzed under Section VII governing nonconforming uses. Such an application is not before the Court in the present appeal.

approved, these home industry/occupation uses must both be "incidental to the residential use of the premises" and must conform with the performance standards governing pollution control in Bylaws §§8100 through 8900, addressing vibration, heat, air pollution, chemicals, wastes, electrical discharges, glare, radiation, and noise. As Appellant proposes to do maintenance on the business vehicles and equipment, as well as to park or store them under cover, some of these performance standards could be applicable; no evidence was presented on whether the proposal would meet these standards.

The use category of "home industry" is defined together with that of home occupation in the Definitions section (Section X) of the Bylaws. Home Industry/Occupation is defined in full as:

> Any occupation which is customary in a residential area and which occupies a minor portion of the dwelling and appurtenant structures and which does not change the character thereof,[3] including any manufacturing, handicraft, service or hobby providing income, which is performed within or without a portion of a dwelling or in one or more buildings normally appurtenant to a dwelling including, but not limited to, professional office, craft manufacturing as the source of principal livelihood, studios for photographer, artist or musician. Except further that any activity regularly serviced by trucks having more than two axles shall not be considered home industry.

Thus, a 'home industry' may be conducted within the dwelling, outside the dwelling, or in one or more buildings normally associated with a dwelling, such as a garage, studio or separate workshop, while a 'home occupation' as defined in Bylaws §4110 must be conducted within the dwelling.

Only the bookkeeping, office work, and telephone dispatching aspects of Appellants' maintenance, excavation and logging business (and possibly the snow plowing and any lawn mowing or yard maintenance services) would be able to qualify as a 'home occupation' as it is the only portion carried on within the dwelling and its residential garage. It is possible that some additional aspects of Appellants' maintenance, excavation and

---

[3] Although this is not clearly drafted, it appears to refer back to not changing the character of the residential area, rather than that of the dwelling.

5

logging business could fall within the wider definition of 'home industry.'

The proposal before the Court does not appear to fall within the definition of 'commercial development' in Section X, as the use of the property or even of the proposed building is not for the primary purpose of producing or selling any merchandise or services. Rather, the primary use of the property is as Appellants' residence. A secondary use of the property is as a hair salon. Another secondary use of the property is to run Appellants' maintenance, excavation and logging business. We must emphasize that if certain aspects of that business have expanded beyond the definition of home industry, they simply cannot be carried on as secondary to a residence use of the property.

A zoning permit is required under Bylaws §2200 for land development, which is defined to include a change in the use of land, as well as the construction or alteration of structures and the subdivision of parcel. Appellants should have applied for and received a zoning permit in 1995 or 1996 to operate the maintenance, excavation and logging business from the property, as well as applying for and receiving zoning approval of the sign. Site plan approval should also have been obtained under Bylaws §6100 for the maintenance, excavation and logging business as a use other than a one or two unit dwelling. For the same reason, and also because Act 250 approval was required, in 1997 they should have obtained a zoning permit and site plan approval for the hair salon.[4] If the 1989 Bylaws did not contain those requirements, then at least as of the adoption of the 2003 Bylaws, both the hair salon and the maintenance, excavation and logging business became existing nonconforming uses, entitled to remain but not to be increased or changed without compliance with the nonconforming use provisions of Section VII. The property is not large enough to support the maintenance, excavation and logging business as a separate commercial use, together with the residence.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants'

---

[4] During trial, the Town stated that the construction of the addition and the operation of the hair salon as a home occupation would qualify for a zoning permit. However, no such application is on appeal to this Court in this case. Appellants are free to file that application and to seek that approval at the municipal level at any time.

6

application to construct the garage is DENIED, as site plan approval must be obtained from the Planning Commission prior to consideration of this zoning permit application, and it has not been obtained.  However, Appellants are free to apply for a zoning permit for the maintenance, excavation and logging business as a home industry, and then to apply for the garage in connection with that approval, if they reduce the on-site aspects of the business to those that can qualify under the definition of home industry.

In any such application, it will be for the Zoning Administrator to rule in the first instance as to what aspects of the business fall within the definition of home industry.  At a minimum, any aspect of the business that relies on vehicles of more than two axles cannot be carried on as a home industry business.  Other aspects of the business, such as the storage or maintenance of the larger vehicles and the depositing or storage of piles of logs, may have to be conducted on a different non-residential property or on a different property large enough to support both a commercial and a residential use on the same property.  There does not appear to be any authorization for depositing loads of logs or excavated materials on the property in connection with a home industry business, but it will be up to the Zoning Administrator to determine whether such activities are customary in residential areas.  The test will be whether the type of business activity (such as snow plowing or lawn mowing, or storage of excavation or maintenance equipment) is customary in residential areas, does not change the character of the area, and meets the Pollution Control sections of the Bylaws.  Any issues of whether the Town should be estopped from denying such approval, based upon the grant of the 1996 zoning permit for the sign for the business, will have to be considered in that application before they are considered by the Court.

If Appellants should instead choose to continue the level of operation of the maintenance, excavation and logging business conducted to date, without applying for a permit, then that operation will have to be analyzed as a nonconforming use, which is beyond the scope of the present appeal.  Section VII does not provide for the expansion of a nonconforming use.


Dated at Berlin, Vermont, this 14th day of November, 2005.

7

_____
Merideth Wright
Environmental Judge